NO. 07-03-0491-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 5, 2004



______________________________




FELIPE RODRIQUEZ, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-403154; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Felipe Rodriquez, Jr., appellant, pleaded guilty to the offense of driving while
intoxicated, enhanced by three prior convictions for driving while intoxicated, and on August
14, 2003, the trial court sentenced him to eight years confinement in the Institutional
Division of the Texas Department of Criminal Justice. He filed a pro se notice of appeal
with this court on November 12, 2003.


 Our appellate jurisdiction over a criminal appeal is triggered through a timely notice
of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In the absence of
a notice of appeal timely filed in compliance with the requirements of Rule of Appellate
Procedure 26, a court of appeals does not obtain jurisdiction to address the merits of the
appeal in a criminal case, and can take no action other than to dismiss the appeal. Slaton
v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). As applicable here, Rule of Appellate
Procedure 26.2(a) requires a notice of appeal in a criminal case be filed within 30 days
after the day sentence is imposed or suspended in open court, unless a timely motion for
new trial is filed. 

 Here, the court imposed Rodriquez's sentence on August 14, 2003. The record
before us does not indicate that he filed a motion for new trial. Consequently, his notice of
appeal was untimely. Appellant's failure to file a timely notice of appeal prevents this court
from having jurisdiction over his appeal. 

 The appeal is dismissed for want of jurisdiction.


 James T. Campbell

 Justice


Do not publish.




 







 



="font-family: Arial">


1. By two July 2005 indictments, appellant was charged with two possession of child
pornography offenses. Tex. Penal Code Ann. § 43.26 (Vernon 2003). Appellant pled
guilty in April 2006. The trial court deferred an adjudication of appellant's guilt and placed
him on community supervision for a period of five years. After a failed attempt to appeal,
appellant filed an application, and two amended applications, for writs of habeas corpus. 
On October 29, 2007, the trial court denied relief in each case. Appellant now attempts to
appeal in each of these causes pursuant to Article 11.072, § 8 of the Texas Code of
Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 11.072, § 8 (Vernon 2003). 
2. We acknowledge that section 8 of article 11.072 expressly provides for appeal of
denials of petitions filed under that article, but find it is not necessarily inconsistent with the
requirement of certification under the rule of appellate procedure.